IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCASFILM, LTD., | No. C 11-01639 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| CANAL TOYS, | |
| Defendant. | |

## INTRODUCTION

In this breach-of-contract claim, plaintiff Lucasfilm, Ltd. moves for an entry of default judgment against defendant Canal Toys. For the following reasons, the motion is **GRANTED**.

## STATEMENT

In August 2008, plaintiff Lucasfilm, Ltd., a California corporation, and defendant Canal Toys, a French corporation, entered into a merchandise license agreement for plaintiff's intellectual property rights. Defendant was to pay advance payments in the amount of $97,550 by the end of December 2008 (Cohorn Decl. Exh. B at 1). Defendant failed to make any payments. In July 2010, plaintiff and defendant entered into a confidential "Settlement Agreement" whereby plaintiff released all claims against defendant, and defendant agreed to pay plaintiff $40,000 (*id.* Exh. C at 1). Defendant never paid. Plaintiff filed its complaint for breach of contract on April 4, 2011 alleging that the "Settlement Agreement" was null and void, and sought damages for breach of the original agreement (Compl. ¶¶ 25–26). Defendant was

subsequently served in its home country of France in compliance with the Hague Convention (Cohorn Decl. Exh. D at 1). Defendant never responded to the complaint. On November 14, 2011, default was entered against defendant (*id.* Exh. E at 1). Plaintiff now moves for default judgment. Defendant was served notice of this motion and has failed to respond (Dkt. No. 31). Plaintiff seeks the unpaid advance payments due under the original agreement, prejudgment interest, attorney's fees, costs, and post-judgment interest. This order follows full briefing and a hearing.

## ANALYSIS

### 1. DEFAULT JUDGMENT.

FRCP 55(b)(2) permits a court, following an entry of default, to enter default judgment against a defendant. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The scope of relief allowed through default judgment is limited by FRCP 54(c) which states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Our court of appeals requires a district court to consider several factors in exercising its discretion to award default judgment including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). After entry of default, well-pled allegations in the complaint regarding liability are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Allegations of damages are not deemed true simply because of the defendant's default. Some proof of the amount is required. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Here, plaintiff must show the standard elements for breach of contract: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Troyk v. Fanners Group, Inc.*, 171 Cal. App. 4th 1305, 1352

2

(2009). "The detriment caused by the breach of an obligation to pay money only, is deemed to be the amount due by the terms of the obligation, with interest thereon." CAL CIV. CODE § 3302.

### A.     Plaintiff's Breach-of-Contract Claim.

Plaintiff's complaint was well-pled. It sufficiently alleged that plaintiff entered into a written contract with defendant for licensing of intellectual property. The complaint further alleged that plaintiff performed all of its required obligations under the contract and was excused from any unperformed duties because of defendant's breach. The complaint properly alleged that defendant Canal Toys breached the original agreement by failing to make payments as required. Finally, the complaint sufficiently alleged harm suffered by plaintiff in the amount of $95,500 because this was the amount due for advance payments under the original agreement (Compl. ¶ 11–17; Cohorn Decl. Exh. B at 1). Taking these well-pled allegations as true, plaintiff has met its burden under *Troyk* and *Eitel*. Consequently, *Eitel* factors two, three, and five weigh in favor of the entry of default judgment. For the following reasons, each of the remaining factors also favor entry of default judgment.

### B.     Eitel Factors One, Four, Six and Seven.

*First*, if the motion were denied, plaintiff would be without a remedy. Failure to enter a default judgment would therefore result in prejudice to plaintiff. Plaintiff has exhausted all efforts to collect and settle with defendant. Plaintiff's only recourse is entry of default judgment. *Second*, the sum of money at stake is relatively small in relation to that considered in *Eitel*. In general, the fact that a large sum of money is at stake is a factor disfavoring default judgment. *Eitel*, 782 F.2d at 1472. Here, plaintiff has asked for a total of $149,015 in damages. Although this is real money, it pales in comparison to the $2,900,000 sum contemplated in *Eitel*. In addition, there is unlikely to be a genuine dispute as to any material facts because a copy of the original agreement was submitted. Thus, this factor weighs in favor of entering default judgment.

*Third*, it is unlikely that default was the result of excusable neglect. Plaintiff's complaint was filed over nine months ago and defendant has been properly served. Defendant subsequently entered into a "Settlement Agreement" over six months ago and breached that agreement as well.

3

Defendant was aware of plaintiff's complaint and aware of its payment obligations. Defendant has offered no excuse for nonperformance.

*Fourth*, although federal policy favors decisions on the merits, Rule 55(b) permits entry of default judgment in situations such as this where the defendant refuses to litigate. Defendant has yet to file any response to plaintiff's original complaint or respond to plaintiff's motion for default judgment. After careful consideration of all of the *Eitel* factors, this order finds that the entry of default judgment is warranted.

### 2. SCOPE OF RELIEF.

Plaintiff seeks the following: (1) an unpaid balance of $95,500 due under the original agreement; (2) prejudgment interest on that balance in the amount of $20,163; (3) attorney's fees in the amount of $30,463 for work in connection to the original complaint and this motion; (4) costs in the amount of $2889; and (5) post-judgment interest on the entire award. Each will be addressed in turn.

#### A. Contract Damages.

California Civil Code Section 3302 allows for the recovery of the amount due by the terms of the obligation in the event a contract is breached and the only performance required was the payment of money. Plaintiff has adequately proven these damages by supplying a copy of the original agreement. The amount due was two payments of $47,550, which totaled $95,500 (Cohorn Decl. Exh. B at 1).

#### B. Prejudgment Interest.

"[P]rejudgment interest is a substantive aspect of a plaintiff's claim" and is governed by state law in a diversity action. *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007). "Any legal rate of interest stipulated by a contract remains chargeable after a breach . . . ." CAL. CIV. CODE § 3289.

The original agreement provided that interest would begin accruing immediately on all late payments and "shall reflect, interest charges from the due date through the date of payment at an interest rate equal to three percent (3%) over the prime lending rate set by the Bank of America N.T.S.A., or the maximum legal rate, if such maximum legal rate is lower" (Cohorn

4

Decl. Exh. B at 10, Section 8.1). Having reviewed plaintiff's calculation of the amount of prejudgment interest due, this order finds the amount requested, $20,163, is appropriate. Plaintiff's calculated interest rate does not exceed the maximum legal rate. CAL. CONST. art. I, § 1.

### C. Attorney's Fees and Costs.

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). Reasonable attorney's fees and costs are available to the prevailing party in a contract action. CAL. CIV. CODE § 1717. The trial court has broad authority to determine the amount of a reasonable fee. *PLCM Group v. Drexler*, 22 Cal. 4th 1085, 1095 (2000). Allowable costs are those available under California Civil Code Section 1033.5, unless parties provide evidence that some contractual provision has expanded the statutory definition. *Hsu v. Semiconductor Sys., Inc.*, 126 Cal. App. 4th 1330, 1341 (2005). "Allowable costs shall be reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation." CAL. CIV. CODE § 1033.5(c)(2).

The original agreement provided that:

> [I]n the event of any legal proceeding between the parties arising out of or related to this Agreement, the prevailing party shall be entitled to recover, in addition to any other relief awarded or granted, its costs and expenses (including, without limitation, attorneys' fees and costs whether or not in connection with litigation) incurred in connection with any such proceeding.

(Cohorn Decl. Exh. B at 22, Section 16.3). Both fees and costs are afforded under the contract, and this provision is enforceable under California law. Furthermore, by obtaining entry of this default judgment, plaintiff will have obtained judgment against defendant for breach of the original agreement. Thus, plaintiff is a prevailing party and entitled to attorney's fees and costs. In regard to costs, the original agreement states that "costs and expenses (including, without limitation, attorneys' fees and costs *whether or not in connection with litigation*) incurred in connection with *any* such proceeding" are to be awarded (*ibid.*) (emphasis added). It therefore appears that the parties intended to expand the definition of costs beyond Section 1033.5.

5

Section 1033.5's prohibition on the recovery of postage fees and photocopying fees not related to exhibits is in applicable.

Plaintiff submitted a description of the legal work performed, a breakdown of the hours expended, and the attorney's hourly rates (*id.* Exh. H; Coats Decl. 2–3). Plaintiff also supplied a detailed accounting of all costs associated with these proceedings (Cohorn Decl. Exh. I). Attorney's fees and costs are awarded in the amount of $33,352 as requested by plaintiff.

### D. Post-judgment Interest.

In diversity cases, post-judgment interest is determined by federal law. *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. 1961(a). The award of post-judgment interest is mandatory and shall be recoverable on all aspects of the judgment including the amounts awarded for damages, prejudgment interest, attorney's fees and costs. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290–91 (9th Cir. 1995). Plaintiff is entitled to post-judgment interest on the entire amount awarded. Interest will begin to accrue on the date judgment is entered at the applicable statutory rate.

### CONCLUSION

Plaintiff is entitled to damages in the amount of $95,500, prejudgment interest in the amount of $20,163, attorney's fees and costs in the amount of $33,352, and post-judgment interest on the entire award calculated from the date this order is entered at the applicable statutory rate. For the reasons stated above, plaintiff's motion for default judgment is **GRANTED**.

**IT IS SO ORDERED.**

Dated: March 2, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6